UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Ramsey Randall, Past, Present
and Future Inmates of Berks
County Jail System.

*(In the space above enter the full name(s) of the plaintiff(s).)*

- against -

The County of Berks, Pennsylvania;
and all other defendants sued in
their individual and official
capacities—
See attached labeled
'Defendants'

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**14      5091**

SEP 3 2014

**RECEIVED**

**COMPLAINT**

under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial: ☑ Yes   ☐ No
(check one)

**I.       Parties in this complaint:**

A.      List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff       Name  Ramsey Randall
                ID #  2003-6424 / JT4266
                Current Institution  Berks County Prison/Jail System (BCP/BCJS)
                Address  1287 County Welfare Rd. (cell L-116),
                         Leesport, PA 19533

*Rev. 10/2009*

SEE ATTACHED FORM

D Berks County, PENNSYLVANIA - Office of Attorney General -
   1 Strawberry Square, Harrisburg, PA 17101

2) The Public Defender's Office of Berks County - Berks County Courthouse -
   633 Court St, 12th Flr., Rdg, PA 19601

3) Chief Public Defender Glenn D Welsh Esq - Berk Co. Public Defenders Office -
   633 Court St. 12th Flr., Rdg PA 19601

4) Paul Yessler Esq. - Public Defender's office - 633 Court St. 12th Flr, Rdg, PA 19601

5) Roorke T. Aston Esq. - Public Defender's office - 633 Court St. 12th Flr,
   Rdg, PA 19601

6) Bill/William Hannaberry - position unknown - 633 Court St. 12th Flr.
   Rdg, PA 19601 - known to be an associate/assistant to Public Defenders

7) Berks County Jail System - BCJS Attention to Warden J. Quigley
   1287 County Welfare Rd., Leesport, PA 19533

8) Janine L. Quigley - WARDEN at BCJS - Berks County Jail System -
   1287 County Welfare Rd., Leesport, PA 19533

9) Jeffery Smith - Chief Deputy Warden - Berks County Jail System -
   1287 County Welfare Rd., Leesport, PA 19533

10) Lt. Sharp - first name unknown - Lieutenant - Berks County Jail System
    1287 County Welfare Rd, Leesport, PA 19533

11) Lt. Castro - first name unknown - Lieutenant - Berks County Jail System
    1287 County Welfare Rd., Leesport, PA 19533

12) Craig - first name unknown - inmate telephones - Berks County Jail System
    1287 County Welfare Rd., Leesport, PA 19533

13) Jessica Collins - BCJS Treatment Supervisor - Berks County Jail System.
    1287 County Welfare Rd., Leesport, PA 19533

14) BCJS Unit counselors A, B, C, D, E, F, G, H, I, J, K, L, M, N/o - Berks County
    Jail System - 1287 County Welfare Rd., Leesport, PA

15) Barbara Kane - Acting Deputy Warden - Berks County Jail System -
    1287 County Welfare Rd., Leesport, PA 19533

16) PrimeCare Medical - 1287 County Welfare Rd - Berks County Jail System
    Leesport, PA 19533

-17) Sandy Hawkins - Psychiatrist - Berks County Jail System - 1287 County
    Welfare Rd. - Leesport, PA 19533

②

B. List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1
Name Berks County, Pennsylvania ~~Shield #~~ County/township
Where Currently Employed Office of Attorney General
Address 1 Strawberry Square,
Harrisburg, PA 17101

Defendant No. 2
Name ______ Shield #______
Where Currently Employed ______
Address ______

Defendant No. 3
Name ______ Shield #______
Where Currently Employed ______
Address ______

Defendant No. 4
Name ______ Shield #______
Where Currently Employed ______
Address ______

Defendant No. 5
Name ______ Shield #______
Where Currently Employed ______
Address ______

See attached labeled 'Defendants'

## II. Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. In what institution did the events giving rise to your claim(s) occur? ______

B. Where in the institution did the events giving rise to your claim(s) occur? ______

C. What date and approximate time did the events giving rise to your claim(s) occur? ______

See attached labeled Complaint Facts' of Ramsey Randall and also Class Allegations



(3)

Complaint for Breach of Privacy - Ramsey Randall (Plaintiff)

• At all times in this complaint, Plaintiff has been in the custody of Berks County, Pennsylvania - incarcerated at the Berks County Jail System under the supervision of its Warden Janine L. Quigley and her staff.

1) On June 3, 2014 at approx. 3pm the Plaintiff Ramsey Randall (hereinafter Plaintiff Randall) was arrested on location of his State Parole office by a Berks County Police officer.

2) Plaintiff Randall was committed to Berks County Jail System (hereinafter BCJS/BCP), on June 4, 2014 at approx. 7am, and did not sign a confidentiality clause.

3) During his commitment intake, Plaintiff Randall spoke to BCJS-psychologist David Federman about the Plaintiff's on the street medications and psychological standings.

4) Mr. Federman and Plaintiff Randall mutually agreed that the medications should resume as scheduled.

5) Plaintiff Randall admits to requesting to be placed on medical segregation for one day for his body to adjust to the food and medication schedule changes.

6) Plaintiff Randall did not proclaim suicidal thoughts in his intake questionnaire.

7) Plaintiff Randall was transferred to the medical unit (M/U) on an Administrative Segregation with multiple restrictions. (See Exhibit C-1A)

8) Plaintiff Randall's restrictions were set upon his transfer to his cell in Administrative Segregation. (See Exhibit C-1B)

CPG. 1.

④

# BERKS COUNTY JAIL SYSTEM
## ADMINISTRATIVE SEGREGATION RECORD

Name Randall E. Ramsey          BCJS# 2003-6424     Cell Assignment A-208
Date 6-4-14   Time 1120   Incident Location MEDICAL

___ Security                    ___ Medical Confinement      ___ Maladaptive Provisions
___ Mental Health Confinement   ___ Protective Custody        ___ Other _____

**INMATE NOTIFICATION**

1. You are being specially confined in close custody status for reasons outlined on this form.
2. You have the right to present rebuttal information or mitigating circumstances via an Inmate Communication Form.
3. Your status will be reviewed regularly by the Inmate Classification Committee (ICC).

**For Voluntary Protective Custody Request Only**

I, (print) _____, request to be placed in Protective Custody. This is made of my own free will, and I will not hold Berks County Jail System nor any staff member responsible for this choice. I understand that Protective Custody requires that I remain in a locked cell except exercise periods, and that I shall exercise alone or in small groups according to security needs.

Inmate Signature: _____

Supervisor signature denotes witnessing inmate signature of Protective Custody request.

_____          _____
Supervisor Signature                       Date

Summary: Inmate Randall (03-6424) has been placed in Mental Health Treatment per a PDS. This action will be reviewed by a Provider.

_____
_____
CO. M. Walker
CO. E. Walker

**Confinement Conditions**

✓ Conditions of Confinement – (imposed as consistent with above outlined circumstances)
Mental Health Clothes, & bedding, no snaps or rings. Bras, PO
currently on EXD, 15 min checks.

___ Physical Restraints (excluding transports) Type: _____ Duration: _____
___ Authorized by: _____   Date: _____   Time: _____
✓ Copy given to inmate by: EW (Delivering Officers Initials)

| **ADMINISTRATIVE REVIEW** | **RELEASE FROM SEGREGATION** |
|---|---|
| Date 6-4-14   Time 1450 | Date _____   Time _____ |
| ✗ Reviewed & Sustained | Notation: _____ |
| ___ Referral to: _____ | _____ |
| ___ Status Modified _____ | _____ |
| *  LT Sln | *  _____ |
| Warden / Deputy Warden / LT | Warden / Deputy Warden / LT |

ORIGINAL - Treatment   CANARY - D.W. Custody   PINK - Housing Unit   GOLDENROD - Inmate



# 🔒DOJ Orders

## Ramsey Randall
## #2014-2798

| | | | |
|---|---|---|---|
| **JMS ID:** | 2003-6424 | **Location:** | Intake |
| **SSN:** | 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 | **Ethnicity:** | - |
| **DOB:** | 02/05/1985 | **Interviewer:** | Federman, David (06/04/2014 11:02) |
| **Age:** | 29 | | |
| **Agency:** | - | | |

| | | |
|---|---|---|
| Until Cleared By: | ☑ Psychologist/Psychiatrist | |
| 15 Minute Suicide Watch | ◉ Initiate | |
| Stripped Cell | ◉ Initiate | |
| Clothes and Bedding Only | ◉ Initiate | |
| Finger Food | ◉ Initiate | |
| Exercise | ◉ Denied | |
| Other - Please specify | ◉ Initiate | Move to O unit with clothing and bedding. May have a book |
| Date DOJ Initiated | | 06/04/2014 |
| Time DOJ Initiated | 1102 | |



9) Part of Plaintiff Randall's restrictions was that he was not permitted writing materials. (See Exhibit C-1A, C-1B)

10) On his intake date, Officer Dorta gave Plaintiff Randall his one free inmate call per BCJS policy. (See Exhibit C-1C)

11) Plaintiff Randall admits that he called his mother to explain his situation and the circumstances of his arrest.

12) Plaintiff Randall admits that he also tried to call his Parole Officer Nadeena Delvechio and a companion but was not successful, due to the one call policy. (See Exhibit C-1C)

13) Plaintiff Randall believes that he did not get to fully explain everything in one phone call to his mother.

14) After Plaintiff Randall's phone calls his order's were to lock into his cell where he was locked down under his specific restrictions. For 24 hrs a day lock down.

15) Plaintiff Randall admits that he did not agree to the specified restrictions.

16) Plaintiff Randall admits that he B was served his PM medication approx between 3 and 5 pm.

17) Plaintiff Randall was subjected to this treatment ~~for~~ and he mentioned to the nurse that it was ~~to~~ early, too; and got no change in the schedule.

18) Plaintiff Randall admits that he suffered excessive diarrhea upon his intake and he requested the nurses allow him a depends or an extra pair of underwear and they denied his requests.

19) Plaintiff Randall admits that on his second day in the medical segregation unit Officer Dorta allowed Plaintiff Randall a shower and served him with new undergarments.

CPG. 2.

⑦

If you have been continuously confined here for one year, you may request an updated physical exam. This update will be provided without a fee charge. The service must be requested in writing and directed to the medical department supervisor.

### 4.5.1 Sick Call
If you want to be seen by the medical staff you must fill out a sick call slip in your housing unit. On the sheet you will provide your name, housing assignment, and give the reason you are seeking medical assistance. You will be contacted by medical staff for an assessment. If you are not contacted by medical staff within 24 hours, sign up again.

All medical emergency situations must be brought to the immediate attention of either your Housing Unit Officer or the nearest staff member.

### 4.5.2 Medication
If you are taking medication when you are committed to the jail the medication may be temporarily discontinued (until the prescription can be verified), changed, or discontinued (upon medical advice).

You are required to consume prescription medication in the presence of medical personnel. Staff are permitted to examine your mouth to ensure compliance. Concealing medication is a serious misconduct and may result in your medication being immediately discontinued.

The Medical Department will maintain a supply of over the counter drugs and issue appropriate quantities to you, if deemed necessary for treatment. Over the counter medication is also available through the commissary and can be purchased at the prevailing commissary rate. Cosmetic medications (dandruff shampoos, lotion, etc.) are not dispensed through the medical department. Some of these articles are available through the commissary.

You must lock yourself into your cell when nurses arrive on your unit to dispense medication and remain locked in until the process is complete.

### 4.6  Telephone
During your first three to five days of confinement, usually shortly after commitment, you will be permitted one free phone call to notify friends and family of your whereabouts. Staff will provide you with at least four attempts to contact friends and family members. If you attempt to, but cannot reach your friends/family during the first three to five days of your stay, the jail's obligation to provide free telephone access will be satisfied and you must then use the collect call telephones available to you.

- "Three way calls" are not permitted.
- You may not allow another inmate to use your pin number or phone privileges.
- You may not use another inmate's pin number or phone privileges.

Telephones are provided for your use in housing unit dayrooms. Access to these telephones is available during dayroom free time periods. (Access may be restricted or denied for those in some forms of segregation.)

You will be required to complete a Telephone Request Form at the time of commitment to the jail. This form must be completed in its entirety for you to be approved for use of the telephone system. If you wish to add or delete telephone numbers from your list, you need to resubmit this form, completed in its entirety, and place it in the appropriate box on your housing unit.

A listing of the telephone rates is posted near the telephones on your unit. Should those whom you choose to call in the community fail to pay the bills for this service, you will be held fully responsible for those costs.



⑧

Case 5:14-cv-05081-JLV Document 11 Filed 10/22/14 Page 9 of 59

20) The Plaintiff was given a chance by a Provider to get moved to general quarantine 6/6 on 6/6/14. (see Exhibit C-1D)

21) Plaintiff Randall was moved from Administrative/Medical Segregation to E-unit quarantine on 6/8/14.

22) The Plaintiff admits that had no access to the Public Defender's Office from 6-4-2014 to 6-8-2014.

23) Plaintiff Randall admits that he used his one complimentary envelope to write to his mother and report his current status (health), and to request of her to assist him through his incarceration financially.

24) Plaintiff Randall admits that he witnessed Defendant Bill/William Hannaberry meet with multiple inmates on the 9th of June but did not meet with Plaintiff Randall.

25) Plaintiff Randall used a Public Defender assistance form on 6-9-2014 to find out the status of his case (see Exhibit C-1E)

26) Plaintiff Randall witnessed Defendant Bill/William Hannaberry meet with an inmate on 6-10-2014 but did not meet with Plaintiff Randall.

27) Upon information and beliefs the quarantine meetings between the inmates (class) and Bill/William Hannaberry is when he takes the inmate's copy of their affidavit of Probable Cause.

28) Plaintiff Randall was transferred from E-unit quarantine on 6-10-2014 to K-unit.

29) ~~Plaintiff Randall is indigent and also did not have an opportunity to use the phone while in quarantine.~~

CPG. 3.

⑨

# 🔒DOJ Orders

**Ramsey Randall
#2014-2798**

| | | |
|---|---|---|
| **JMS ID:** | 2003-6424 | **Location:** O : 208 |
| **SSN:** | 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 | **Ethnicity:** - |
| **DOB:** | 02/05/1985 | **Interviewer:** Federman, David (06/06/2014 09:29) |
| **Age:** | 29 | |
| **Agency:** | State PV | |

| | | |
|---|---|---|
| Until Cleared By: | ☑ Psychologist/Psychiatrist | |
| 15 Minute Suicide Watch | ◉ Discontinue | |
| Stripped Cell | ◉ Discontinue | |
| Clothes and Bedding Only | ◉ Discontinue | |
| Finger Food | ◉ Discontinue | |
| Exercise | ◉ Exercise per Institution Policy | |
| Other - Please specify | ◉ Initiate | Release from O Unit. DC precautions. May have property, exercise as per institutional policy. DC finger food |
| Date DOJ Initiated | | 06/06/2014 |
| Time DOJ Initiated | | 0929 |



**BERKS COUNTY PRISON**

TO: PUBLIC DEFEENDER'S OFFICE      RE: REQUEST FOR INFORMATION/ASSISTANCE

---

INMATE: _____   HOUSING UNIT: _____   TODAY'S DATE: _____

---

1. <u>SUPPLY ALL OF THE FOLLOWING INFORMATION THAT IS KNOWN TO YOU:</u>

   Date of Admission to BCP _____   Date of Arrest _____   Bail _____

   Charge & Docket Numbers _____
   _____

   District Justice or Judge _____   Attorney's Name _____
   Were you on probation/parole at time of arrest?  ☐ Yes  ☐ No

*************************************************************************

2. <u>REQUEST INFORMATION OR ASSISTANCE ON THE FOLLOWING:</u>

   ☐ Current status of criminal case.
   ☐ Date of next Court appearance.
   ☐ Request for plea bargain.
   ☐ Request name of attorney assigned to my case.
   ☐ Request information regarding bail.
   ☐ Request interview with my attorney to discuss:
         ☐ Plea bargain.          ☐ Appeals.
         ☐ Court appearance.      ☐ Other Matter.

*************************************************************************

3. <u>SUPPLY SPECIFIC DETAILS RELATED TO THE ABOVE REQUEST:</u>

   _____
   _____
   _____
   _____
   _____

<u>RESPONSE:</u>                                   DATE:_____

   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____

         NAME: _____   AGENCY/DEPARTMENT: _____

CC: _____                                   209-REC-115
                                                    3/98

29) Plaintiff Randall is indigent and was given an opportunity to use the phone in quarantine but because of his indigency status he was denied complete telephone access.

30) Plaintiff Randall is attempted to use the phone on K-unit and could not get past the pin # prompt.

31) Plaintiff Randall attempted to use the phone again on 6-11-2014 and could not get past the pin # prompt.

32) Plaintiff Randall attempted to use the phone also on 6-12-2014 and could not get past the pin # prompt.

33) Plaintiff Randall had limited access to the Law Library on the two-and-a-half days prior to his Preliminary Hearing amounting to approximately 5 hrs of research time.

34) Plaintiff Randall had his Preliminary Hearing on 6-13-2014 in front of Magistrate Alvin Robinson.

35) Plaintiff Randall was given a brief meeting with defendant Paul Yessler Esq. prior to Plaintiff's Preliminary Hearing.

36) Defendant Paul Yessler Esq. was assigned as counsel to represent Plaintiff Randall in his Preliminary Hearing.

37) Defendant Paul Yessler Esq. used an aggressive tone in combination with intimidating threats to psychologically coerce Plaintiff Randall to waive his Preliminary Hearing.

38) Plaintiff Randall admits that the 5 minute meeting with his defense counsel Defendant Paul Yessler Esq. was it highly unproductive and very uncomfortable.

39) Plaintiff Randall unwillingly waived his Preliminary Hearing.

40) Plaintiff Randall was transported back to BCJS with other inmates (class) and was subjected to nude strip searches.

CPG. 4.

(12)

41) At BCJS during strip searches Plaintiff Randall and other inmates are required to completely disrobe in the presence of other inmates and the supervising guard.

42) After given clearance Plaintiff Randall and other inmates (class) are ordered and/or transported back to their respective units.

43) Approximately or about 6-19-2014 Plaintiff Randall reviewed his paperwork and realized that the specifics of his criminal charge had changed.

44) Plaintiff Randall tried to call the Public Defender's office and could not get past the pin# prompt because of his status.

45) The Plaintiff Randall filled out a Public Defender assistance form and asked his counselor to copy it for records.

46) Plaintiff Randall's Public Defender form requested to attend his arraignment in attempts to recant his waiver. (See Exhibit C-1F)

47) Plaintiff Randall received no response from attorney Defendant Paul Yessler Esq. or Defendant Public Defender's office.

48) Plaintiff Randall was not transported to his arraignment on July 2, 2014.

49) On July 4, 2014 Plaintiff Randall submitted an inmate communication form (hereinafter 'Request form') to inmate telephones to have his telephone priveleges unfrozen so that he can contact his attorney. (See Exhibit C-1G)

50) Defendant 'Craig' from inmate telephones sent back a response denying Plaintiff Randall's request. (See Exhibit C-1G)

51) On July 6, 2014 Plaintiff Randall submitted an inmate grievance about being forced to eat in his cell. (See Exhibit C-1H) also grievance # 577-14

C.P.G. 5.

⑬

**BERKS COUNTY PRISON**

TO: PUBLIC DEFENDER'S OFFICE      RE: REQUEST FOR INFORMATION/ASSISTANCE

INMATE: _RAMSEY RANDALL_    HOUSING UNIT: _K-2_ BCJS TREATMENT'S DATE: _6/24/14_

1. **SUPPLY ALL OF THE FOLLOWING INFORMATION THAT IS KNOWN TO YOU:**

   Date of Admission to BCP _6/4/14_ Date of Arrest _6/3/14_ Bail _$5,000_

   Charge & Docket Numbers _Possession - CR-78-14_

   District Justice or Judge _PARISI_   Attorney's Name _Paul Yessler_
   Were you on probation/parole at time of arrest? [✓] Yes [ ] No

   *****************************************************************

2. **REQUEST INFORMATION OR ASSISTANCE ON THE FOLLOWING:**

   [ ] Current status of criminal case.
   [✓] Date of next Court appearance.
   [ ] Request for plea bargain.
   [✓] Request name of attorney assigned to my case.
   [ ] Request information regarding bail.
   [✓] Request interview with my attorney to discuss:

        [ ] Plea bargain.     [ ] Appeals.
        [✓] Court appearance.   [✓] Other Matter.

   *****************************************************************

3. **SUPPLY SPECIFIC DETAILS RELATED TO THE ABOVE REQUEST:**

   _I am requesting to attend my arraignment in person. My_
   _arraignment date is July 2, 2014 in front of Judge PARISI._
   _Please respond accordingly. Thank you._

                           _Ramsey_
                           _Randall_

   **RESPONSE:**                      **DATE:** _____

   **NAME:** _____    **AGENCY/DEPARTMENT:** _____

   **CC:** _____

             _____                   209-REC-115
                                         3/98

   (14)

# BERKS COUNTY JAIL SYSTEM
## INMATE COMMUNICATION FORM

Inmate Name **RAMSEY RANDALL**          BCJ # **03-6424**     Unit/Cell # **K-202**     Date **7/4/14**

TO: (*Select only **one** of the following*, *selecting more than ONE box will result in your communication being filed, unanswered.*)

- [ ] Warden
- [ ] Deputy Warden
- [ ] Treatment
- [X] Inmate Telephones
- [ ] Inmate Accounts
- [ ] Custody
- [ ] Medical
- [ ] Education
- [ ] SOG Commander
- [ ] _____
- [ ] Kitchen
- [ ] Chapel
- [ ] Commissary
- [ ] Booking/Mail/Property

Write legibly, supply all relevant details. Forms which are unclear or contain demeaning language, threats or profanity will not be addressed. **ONLY ONE TOPIC PER COMMUNICATION.**

I am requesting that my telephone privledges be unfrozen so that I may contact my attorney directly by phone. Also, so that I am permitted to call the anonoumous tip line for any information that the POLICE DEP. MAY BE LOOKING FOR.

Note: Writing in "response" section will result in form being unanswered and filed.

Inmate Signature **Ramsey Randall**

RESPONSE: YOUR ACCOUNT IS SUSPENDED BECAUSE YOU NEVER PAID YOUR $50.00 NON-REFUNDABLE PROCESSING FEE. YOU ARE PROVIDED FREE PAPER, FREE PENCILS & FREE POSTAGE TO WRITE TO THE PUBLIC DEFENDER. THE PUBLIC DEFENDER CAN SCHEDULE A VIDEO CONFERENCE WITH YOU.

Date **7/8**     Staff Member *(Print)* **CRAIG**     and *(Sign)* **Craig**

CC:

BERKS COUNTY JAIL SYSTEM
INMATE GRIEVANCE FORM

Inmate Name __RAMSEY W. RANDAL__      BCP# __03-6424__   Cell __K-102__

Date __7/6/14__

Instructions: Refer to the inmate handbook for information on the inmate grievance system.

**Administration Use Only**

☐ Does not fit criteria for an emergency/sensitive grievance   ☐ Form is incomplete   ☐ Resubmit on proper form

☐ Lacks details          ☐ Must be completed in English

**Statement**: Detail the act or condition which caused this grievance. (Be specific; list all dates, times, locations and witnesses.)

It is a daily occurence that I am reqquired to eat my meals in my cell within the immedeate area of a toilet. This process is highly unsanitory; especially due to the fact that the toilets only flush twice (two seperate flushes) per hour. In the event of excrement in the toilet not being able to be flushed, the smell and sight of it during a meal continually makes the situation unsettleing and hard to eat. The microscopic sprays of urine also contaminate the immedeatic area (cell). I am not always permitted cleaning material after every bathroom use. I wrote a communication form asking the Warden for permission to eat outside of my cell. 'Eating in the cell during mealtime' is not a listed Rule anywhere in the handbook in any section at all. I have gotten no response from my communication form. Forcing me to eat meals in my cell is highly unsanitary, and I feel that it is unconstitutional. Please Respond Accordingly. Randal 03-6424

**FOR AMINISTRATIVE USE ONLY**

**Grievance Response:**

This is a long standing practice. You have the option of eating at your desk or the far end of the bunk away from the toilet. Make sure your toilet is flushed before meal time as well as clean your cell often while out on recreation.

**Grievance Answered By:** __LT Sharp__            **Date** __7-8-14__

**Grievance #** __577-14__        **Date Posted** __7/8/14__          ⑯

52) On July 8, 2014 Defendant Sharp responded to the grievance from Plaintiff Randall. (See Exhibit C-1H) also grievance # 577-14 — in regards to eating inside the cell.

53) Plaintiff Randall believes that he submitted additional Public Defender forms and still received no response from Defendant Paul Yessler or Defendant Public Defender's office.

54) Plaintiff Randall ~~believe~~ submitted a request form to ~~Dep~~ Defendant Deputy Warden Smith requesting that his telephone priveleges be unfrozen for the purpose of contacting his attorney. ~~50) Plaintiff Randall~~ (See Exhibit C-1 I)

54) Plaintiff Randall forwarded via mail a complaint to the supervisor of Defendant Public Defender's Office for an explanation as to why he has not gotten a response from his attorney. (See Exhibit C-1 J)

55) On July 11, 2014 Defendant Deputy Warden Smith did respond to the inmate request form from Plaintiff Randall denying the request to unfreeze his account to call his attorney.

56) On July 12, 2014 Plaintiff Randall filed a grievance in regards to the BCJS treatment staff collecting our Public Defender forms and his belief that there should be a seperate box. (See Exhibit C-1 K).

57) On July 14, 2014 Plaintiff Randall filed a grievance in regards to having limited access to specific case law since his intake and committment and how it hinders him. (See Exhibit C-1L) also ~~grievance~~ grievance # 611-14.

58) On July 14, 2014 Plaintiff Randall filed a grievance in regards to not being able to use the phone to contact his attorney and how it is by Right law and also how it's listed in the inmate handbook. (See Exhibit C-1 M) also grievance # 612-14. (see also Exhibit - C-1N, C-1O, C-1P)

CPG. 60

⑰

# BERKS COUNTY JAIL SYSTEM
## INMATE COMMUNICATION FORM

Inmate Name: RAMSEY RANDALL     BCJ #: 03642    Cell #: K-102    Date: 7/9/14

To: *Select only one of the following.*    SELECTING MORE THAN ONE will result in form being unanswered and filed.

- [ ] Warden
- [x] Deputy Warden  Smith
- [ ] Treatment
- [ ] Records
- [ ] Medical
- [ ] Kitchen
- [ ] Supervisor _____
- [ ] Chaplain
- [ ] Inmate Accounts
- [ ] Property
- [ ] Education/Library
- [ ] Mail Room
- [ ] Commissary

Write legibly, supply all relevant details. Forms which are unclear or contain demeaning language, threats or profanity will not be addressed. **ONLY ONE TOPIC PER COMMUNICATION.**

Please unfreeze My telephone privileges so that I may be permitted to call my attorney collect. I have already put in to Inmate Telephone and have gotten no response on that communication form.
Please Respond Accordingly Thank You

Note: Writing in "response" section will result in form being unanswered and filed.

Inmate Signature  *Ramsey Randall*

---

Response Date: 7·11·14    Staff Member Printed Name: ADW SMITH    Staff Member Signature: ____

After review of your inmate account it appears that you have not paid your $50.00 processing fee. Until the processing fee gets paid you will not be able to place those calls. You do have other options. You can submit a communication to Sgt. Vanbilliard and he can set up a telephone conference with your attorney or you can communicate through mail.

CC:
BCJS 501U          Original – Treatment File          Canary – Return to inmate with response          9/25/10

(18)

I have sent multiple Public Defender forms VIA BCJS request box over the past three weeks. I have not recieved a single response (yellow carbon) form, Nor have I been given a video-conference to cure my incquiries. I am indigent here at BCJS and I am Not able to contact the Berks County Public Defender's Office via telephone. Not only am I being Neglected by whoever is to represent me; but it is also a violation of my rights for 'effective counsel!' I have even sent a letter attached to one of my forms. So, before I report the Berks County Public Defender's Office to the PA Bar Association. I would like a reasonable and timely explaination as to why none of my Public Defender forms have been answered to. I am also about to be assigned my 4th attorney from this office and that is not condusive to formulating a solid plan with me, 'the defendant'; hence I go to trial. I await your response.

RAMSEY W. RANDALL CR-78-14

Signed,

*Ramsey Randall*

RAMSEY RANDALL 03-642
Berks County Prison JT4266
1287 County Welfare Rd.

Exhibit C

(19)

**BERKS COUNTY JAIL SYSTEM**
**INMATE GRIEVANCE FORM**

Inmate Name _RAMSEY RANDALL_ BCP#_03-6424_ Cell _K-102_

Date _7/12/14_

Instructions: Refer to the inmate handbook for information on the inmate grievance system.

**Administration Use Only**

☐ Does not fit criteria for an emergency/sensitive grievance ☐ Form is incomplete ☐ Resubmit on proper form

☐ Lacks details ☐ Must be completed in English

**Statement**: Detail the act or condition which caused this grievance. (Be specific; list all dates, times, locations and witnesses.)

I feel that the fact that there isn't a 'seperate' individual box for our Public Defender forms violates my Attorney-Client PB confidentiality rights. There's no proof as to how many hands it passes through before it gets to the public defender's office. And knowing that: I feel that the confidentiality of my paperwork has been comprimised. And since ~~there~~ I'm indigent I ~~cannot use the phone~~ CANNOT USE THE PHONE. Is there any way that you CAN ASSURE ME THAT MY PAPERWORK ISN'T BEEN perused through by unwanted eyes? And I have not recieved any response forms from the few that I have submitted to the Public Defenders Office. CAN you prove that it has actually gotten to the Public Defender's office? Please respond AccordIngly I only protecting my rights for confidentiality between me and my Attorney. Randy Randall

**FOR AMINISTRATIVE USE ONLY**

Grievance Response: [handwritten response, largely illegible] ... establish a specific instance in what you were adversely affected by this long standing procedure. The potential for a grievable issue to arise does not, in and of itself, create a grievable issue. Otherwise inmates could file grievances on any policy, procedure or action they wish by simply imagining a hypothetical violation may occur at some unknown future date by some unknown staff member. Please cite a specific example of how you were actually adversely affected by a specific policy, procedure, or action.

Grievance Answered By: _Lt. Cotto_ Date _7/14/14_

Grievance # _____ / _____ Date Posted _____ / _____

Original: Treatment File Canary: Return to inmate with response FORM# REC120 (REV 2/10)

emergency

BERKS COUNTY JAIL SYSTEM
INMATE GRIEVANCE FORM

Inmate Name RAMSEY RANDALL   BCP# 03-64/24   Cell K-102

Date 7/14/14

Instructions: Refer to the inmate handbook for information on the inmate grievance system.

### Administration Use Only

☐ Does not fit criteria for an emergency/sensitive grievance   ☐ Form is incomplete   ☐ Resubmit on proper form

☐ Lacks details   ☐ Must be completed in English

**Statement**: Detail the act or condition which caused this grievance. (Be specific; list all dates, times, locations and witnesses.)

Since being committed to BCJS I haven't had access via Law Computer or Law Library to
the 3rd Circuit cases and information. The computer quotes," Information not available in
Your Price Plan." Although I am supposedly represented by counsel I do not know who my
Attorney is, Nor have they responded to my communications via Public Defender forms.
In any event, I would like to be prepared for my upcoming court date but the unavail-
ability to access the 3rd Circuit cases is hindering from being able to see and use
a plethora of cases that could help me in my case. Also, I am on a time constraint
to file any pretrial motion prior to my next hearing so time is of the essence. Is
there anywhere that I can get access to those cases within the prison that I am
permitted to use? And can I have permission to use that resource as soon as
possible? Please respond accordingly. Thank you                    Ramsey R.
                                                                    Randall

### FOR AMINISTRATIVE USE ONLY

Grievance Response: The access to the 3rd Circuit tab on
the law library computer has been remedied. You
should be able to access it with no problems using
the computer on your unit.

Grievance Answered By: D Zanck   Date 7/17/14

Grievance # 611-14   Date Posted 7/18/14

㉑

Original: Treatment File   Canary: Return to inmate with response   FORM# REC120 (REV 2/10)

Emergency "Sensitive"

# BERKS COUNTY JAIL SYSTEM
## INMATE GRIEVANCE FORM

Inmate Name: RAMSEY RANDALL       BCP# 03-6424   Cell K-102

Date 7/14/14

Instructions: Refer to the inmate handbook for information on the inmate grievance system.

### Administration Use Only

☐ Does not fit criteria for an emergency/sensitive grievance   ☐ Form is incomplete   ☐ Resubmit on proper form

☐ Lacks details   ☒ Must be completed in English

**Statement:** Detail the act or condition which caused this grievance. (Be specific; list all dates, times, locations and witnesses.)

I recently asked to have my telephone privileges unfrozen so that I may call my attorney collect. ADW Smith and Inmate Telephone (Craig) both said that because I still owe a $50.00 processing fee that I am not permitted phone calls at all. ADW Smith added in his response that I should communicate to Sgt. Van billard AND Request a conference call with my attorney. Both responses by both staff say that I am to use the other forms of communication. Forcing me to forego contact with my family with my only sources of communication is unfair. I have sent multiple Public Defender Forms and have recieved NO response. And there is a bar to request a video conference from The inmate handbook states that I have A RIGHT to unmonitored phone calls to my attorney. I feel informing anyone other than my attorney when I need to see or/and talk to him or her is a breach of confidentiality unless it's my family. And even in some cases family breaches that also. My RIGHT to Attorney-Client privilege is being violated not only by the contradiction of the handbook but also the Demand of me to pay a $50.00 fee to be able to use the phone to contact My Attorney. Please unfreeze my Phone privilege so that I May call my Attorney. Ramsey

### FOR ADMINISTRATIVE USE ONLY

Grievance Response: As the inmate handbook states, you are required to assume responsibility for a number of financial obligations that the jail incurs on your behalf during your stay here. At the time of commitment you are responsible for a $50.00 processing fee. Once that fee is paid, you are granted the privilege of general use of the collect call system. Until that point you have the right to recieve and send mail, including sealed correspondence with elected officials, attorneys and offices of the court.

C-1-M

Grievance Answered By: LT Shep       Date 7-17-14

Grievance # 612-14       Date Posted 7/18/14       22

Original: Treatment File       Canary: Return to inmate with response       FORM# REC120 (REV 2/10)

Supervisory staff of the jail may impose protective custody in extraordinary situations.

## 1.4 Rights, Privileges, and Responsibilities

### 1.4.1. Rights
You have the right to:

- be treated impartially and justly;
- a nutritionally adequate diet;
- personal grooming choices regarding appearance, which are limited only by institutional requirements for safety, security, identification, or hygiene;
- receive and send mail, including sealed correspondence with elected officials, attorneys and officers of the court subject to necessary limitations;
- have visits with civilians within the guidelines established for the program;
- be addressed respectfully by staff;
- be supervised by staff, not inmates;
- be free from corporal punishment, deliberate personal injury, deliberate property damage, harassment, or use of excessive force by staff;
- participate in the classification process;
- have access to a grievance system;
- have access to counsel through unmonitored telephone calls;
- the opportunity for unsupervised visits with your attorney, except where reasons for restriction exist;
- have access to legal materials;
- exercise, except during quarantine;
- voluntary access to clergy and religious services; and
- have access to health care.

### 1.4.2. Privileges
Many programs and opportunities are offered to you while you are in custody, in addition to those which are described as rights. These are privileges that may be restricted or denied to you, as a result of abuse of the privilege, unacceptable institutional adjustment, or misconduct. These privileges may include but are not limited to:

- commissary;
- day room activities;
- recreational activities;
- general use of the collect call telephones; and
- participation in programs.

### 1.4.3 Responsibilities
An inseparable component of all your rights and privileges is responsibility. For example, although you would not wish to be subject of an unreasonable search, you have a responsibility to cooperate with any member of staff who is conducting a search of your cell, room or person. Should you believe that the search was unreasonable, you may file a complaint, after the fact. Generally, your behavior should be the same as what is expected of any member of the community. You should:

- obey orders and directions from all jail staff immediately;
- respect others when speaking to them;
- obey the laws of the civilian community;
- refrain from infringing upon another's rights or privileges;
- cooperate with staff at all times; and
- be familiar with all the rules and regulations of this institution.

Most importantly, be aware that you will be held responsible and accountable for all your actions and behavior while you are here.

Exhibit C-1N          Page 3          Exhibit ML-TRO.1          (23)

## 2.10  Legal Assistance

The only individuals who are entitled to collect a fee from you for legal services are licensed practicing attorneys or legal service agencies. Many are listed in the telephone directory.   It is a rule violation for you to pay/reward or accept payment/reward from another inmate for legal advice or assistance.

If you are unable to afford a private attorney you are eligible for the services of a Public Defender. You may request a form to correspond with a Public Defender from your unit officer. Additionally, you can call collect to the Public Defender's Office from the phones on the housing unit (during times posted on or near the telephones).

For preparation of legal correspondence, paper and other miscellaneous materials may be purchased through the commissary.  Typewriters are available for use on housing units.  If you have the funds, you may purchase the materials needed to make photocopies from the commissary. (The cost of these materials pays for the use of the copy machine.)  Requests by indigent inmates for photocopies will be denied.

The law library is provided with supplies valued at least $500 per year for use by indigent inmates. (One twelfth of these supplies are provided monthly.)

## 2.11  Video Conferencing

Berks County Jail System has implemented a video conferencing program.  It is available to all inmates free of charge.  All videos are conducted in a private setting allowing you a one-on-one confidential conversation with your public or private official.

Videos are conducted with the following agencies:  Public Defender's Office, Private Attorneys, Domestic Relations, Social Security Office, District Attorney's Office, District Justices and the Berks County Courthouse.

If you wish to speak to any of the above agencies, you may telephone or write a letter to that agency requesting a private video.  All scheduling must be completed one day prior to the video.  Many of the agencies will automatically schedule a video with you as time permits.

You are expected to act as a mature adult throughout your conference.  Aggressive or disruptive behavior will result in the termination of your conference and may lead to disciplinary action.

## 2.12  Searches

You, your cell room, and your belongings are subject to a full search at any time.  This may include the dismantling of items in your possession or areas controlled by you.  It may also include a full body search, requiring you to completely disrobe.  Your presence during cell room searches is not a legal requirement.

You will be held accountable for any contraband (or damage to jail property) discovered as a result of a search.  When moving to a new cell room/area you are responsible for informing staff of any property damage and for turning in any contraband items which you may discover.

When a search is made, you are responsible for cooperating with staff.  If you have a complaint, utilize the grievance system after the search.

Internal examination (body cavity) searches may be conducted by authorized medical personnel. You may be detained, under observation, until arrangements can be made for such a search.

Exhibit C-10

Exhibit ML-TRO2

(24)

# TELEPHONE CALLS

- Inmate Telephone Incorporated offers inmates the ability to make collect or debit phone calls.

- A phone call is 20 minutes in length.

- Phone Call Charges are:
  - Local call:   $1.41
  - Local long distance:   $7.78
  - Long distance Prepaid/Debit:  $4.20  Collect:  $5.00

- Local long distance and long distance calls are billed per time on phone.



- Telephone calls are subject to monitoring, recording and may be intercepted or divulged and third party calls are prohibited.

59) On July 14, 2014 Defendant Lt. Castro responded to Plaintiff Randall's grievance about treatment staff collecting the inmate Public Defender form stating that "it was not a grievable issue." (See Exhibit C-1K)

60) And on July 15, 2014 Plaintiff Randall filed an Appeal to said grievance from Lt. Castro Defendant reiterating his view. (See Exhibit C-1Q)

61) On July 17, 2014 Defendant Lt. Sharp responded to grievance 612-14 (Exhibit C-1K) and the appeal to the defendant Lt. Castro. (See Exhibit C-1Q)

62) On July 17, 2014 Plaintiff Randall received via mail a response from Defendant Glenn D. Welsh Esq. that he received the Plaintiff letter from July 9, 2014. (See Exhibit C-1R — and compare to/with C-1J)

63) On July 17, 2014 D. Ranck reported a remedy for the Plaintiff grievance on 7/14/14 in regards to case law access. (See Exhibit C-1L) grievance #611-14

64) On July 17, 2014 Defendant Lt. Sharp recorded a response denying access to telephone calls by unfreezing Plaintiff Randall's account. (See Exhibit C-1M) also grievance #612-14.

65) On July 17, 2014 Plaintiff Randall forward complaints to both the Berks County Bar and PA Bar Associations. (See Exhibit C-1S)

66) On July 18, 2014 Plaintiff Randall requested a meeting between himself and Defendant Lt. Sharp because his grievance (C-1Q) was not remedied or understood. (See Exhibit C-1T)

CPG. 7.



APPEAL          APPEAL

## BERKS COUNTY JAIL SYSTEM
## INMATE GRIEVANCE FORM

Inmate Name: RAMSEY/RANDALL          BCP# 036424          Cell K-102

Date 7/15/14

Instructions: Refer to the inmate handbook for information on the inmate grievance system.

**Administration Use Only**

☐ Does not fit criteria for an emergency/sensitive grievance      ☐ Form is incomplete      ☐ Resubmit on proper form

☒ Lacks details          ☐ Must be completed in English

Statement: Detail the act or condition which caused this grievance. (Be specific; list all dates, times, locations and witnesses.)

ON 7/15/14

I sent a grievance via request box in regards to there not being a seperate box for Public Defender forms. I also stated how I felt that it violated my Attorney-Client confidentiality rights. Lt. Castro replied stating that it was not a grievable issue. This appeal is to correct my concern so that it may be addressed properly. -- Treatment staff handling and viewing any Public Defender forms after they are recieved in the request box is a violation of my rights. My Sixth Amendment rights to be exact. This is an ongoing practice and confirmed via circled above. Also #9.01 in the hanbook States to report alleged constitutional right violation(s), which I did in my first grievance on 7/12/14. I Also feel that this violates my First Amendment rights also (Attorney-client communications). Please respond Accordingly. Ramsey Randall

---

**FOR AMINISTRATIVE USE ONLY**

Grievance Response:

Please include the Grievance # you are appealing

2014 JUL 15 PM 3:45

C-1-Q

Grievance Answered By: LT Sharp.          Date 7-17-14

Grievance # /          Date Posted /

㉗

Original: Treatment File          Canary: Return to inmate with response          FORM# REC120   (REV 2/10)



# COUNTY OF BERKS, PENNSYLVANIA
## Office of the Public Defender

Courthouse, 12th Floor
633 Court Street
Reading, PA 19601

Phone: 610.478.6650
Fax: 610.478.6673

Christian Y. Leinbach, Chair
Kevin S. Barnhardt, Commissioner
Mark C. Scott, Esq., Commissioner

Glenn D. Welsh, Chief Public Defender

July 14, 2014

Ramsey Randall
Inmate #2003-6424
Berks County Jail System
1287 County Welfare Road
Leesport, PA 19533

RE: Com. vs. Randall
Docket Numbers: CP-06-CR-0002759-2014

Dear Mr. Randall:

Please be advised that I am in receipt of your letter of July 9, 2014 regarding representation in the above case.

Be advised that Assistant Public Defender Roarke T. Aston, Esquire, is assigned to represent you in the above case.

I will refer your letter to Assistant Public Defender Roarke T. Aston for his review.

Very truly yours,

GLENN D. WELSH, ESQUIRE
Chief Public Defender

GDW/dah

C-1R

*Dedicated to public service with integrity, virtue & excellence*
**www.countyofberks.com**



To Whom this may concern                                            7/17/14

My name is Ramsey Randall, and I am currently in the mids of a criminal proceeding in the Court of Common Pleas of Berks County. I am currently represented by the Public Defender's office of Berks county. I am an indigent, and I am not able to afford a private attorney.

This letter is a formal complaint on the Public Defender's Office of Berks County. The attorneys that they have assigned to me have been lack luster in representing me presenting <u>NO</u> defense at all for my Preliminary hearing. I have been given <u>3</u> different attorneys by the Public Defender's office; not by choice might I add. The names of the attorneys are as follows : <u>Amy Shaffer</u>, <u>Aslon Rourk</u>, and <u>Paul Yessler</u>. Mr. Paul Yessler in specific has a very nasty attitude, aggressive tone against me, and a predisposed notion of me pleading guilty. It makes me afraid of the future of my litigations.

This is not the first time that I have been represented by the Public Defender's Office and they have not done any thing to work as an attorney should. I have yet to confer with which ever attorney from there that's supposed to represent me. I refuse to let them violate my <u>Constitutional rights (6th & 14th Amend.)</u> any more. Attached are a few of the documents that I recently filed in my motion for ineffective counsel. Respond if you feel it's needed.

- BAR Assoc. Supervisor
- BAR Assoc. Secretary

C-15

Signed,
Ramsey Randall
RAMSEY RANDALL 036424
Berks County Prison Cell-k10
(29)

Lt. Sharp

# BERKS COUNTY JAIL SYSTEM
## INMATE COMMUNICATION FORM

Inmate Name **Ramsey Randall**    BCJ # **03-6424**    Unit/Cell # **K-102**    Date **7/18/14**

TO:  (*Select only **one** of the following*, *selecting more than ONE box will result in your communication being filed, unanswered.*)

- [ ] Warden
- [ ] Custody
- [ ] Kitchen
- [ ] Deputy Warden
- [ ] Medical
- [ ] Chapel
- [ ] Treatment
- [ ] Education
- [ ] Commissary
- [ ] Inmate Telephones
- [ ] SOG Commander
- [ ] Booking/Mail/Property
- [ ] Inmate Accounts
- [x] Lt. Sharp

Write legibly, supply all relevant details. Forms which are unclear or contain demeaning language, threats or profanity will not be addressed. **ONLY ONE TOPIC PER COMMUNICATION.**

You recently responded to my appeal on a grievance and gave me no grievance #. Lt Castro responded to my original grievance and gave me no grievance #. My issue cannot be addressed properly if my forms are not responded to in the correct manner. Please call me to your office ASAP so that we can discuss my grievance and appeal. I would appreciate it. With all respects, I submit this request in major confusion. Respond accordingly, thank you.

Note: Writing in "response" section will result in form being unanswered and filed.

Inmate Signature _Ramsey Randall_

RESPONSE: There was no Grievance # because it was not a Grievable issue. We discussed this in person.

C-T

Date 7-22-14   Staff Member (*Print*) LT Sharp   and (*Sign*) ___

CC: ___

BCJS 501U, 3-2014    Original – Treatment File    Canary – Return to inmate with response

(30)

67) The Plaintiff Randall filed a grievance about mold and flies in the inmate showers on 7/20/14. (See Exhibit C-1U) Grievance #645-14

68) Plaintiff Randall filed a Public Defender assistance form to Defendant Roarke T. Aston after a video conference that Plaintiff believed was unpleasant. (See Exhibit C-1V)

69) Plaintiff Randall admits that Public Defend form filed on July 22, 2014 was a test to guage the response time for an important request from Client to Attorney (see Exhibit C-1V).

70) On July 21, 2014 Plaintiff Randall filed an appeal to Grievance #577-14 (Exhibit C-1H2) and recieved a response from Defendant Warden Janine L. Quigley on July 23, 2014.

71) On or about July 21 or 22, of 2014 Plaintiff Randall and defendant Lt. Sharp had a discussion in her office in regards to Grievance #645-14 (Exhibit C-1U) and also the grievance issue from Defendant Lt. Castro (Exhibits C-1K, C-1Q, C-1T).

72) At that meeting Defendant Lt. Sharp declared that Plaintiff Randall's grievance was conspiratorial and assumed position behind Defendant Lt. Castro agreeing that the issue was not grievable.

73) Plaintiff Randall admits that he attempted to mail a mold sample to his mother via mail between July 20-25 of 2014.

74) On July 30, 2014 Plaintiff Randall used another Public Defender form to Defendant Roarke T. Aston requesting a Pretrial Motion to be filed and his Pre-trial Discovery to be sent to him. (See Exhibit C-1W)

75) On July 30, 2014 Plaintiff Randall filed a complaint letter to the Judge (Parisi) regarding Defendant RoarkeT. Aston's behavior via Clerk of Counts. (See Exhibit C-1X pg 1-5)

CRCP Ga 8.

(31)

**BERKS COUNTY JAIL SYSTEM**
**INMATE GRIEVANCE FORM**

**Inmate Name** KAMSEY RANDALL          **BCP#** 03-6424     **Cell** K-102

**Date** 7/20/14

Instructions: Refer to the inmate handbook for information on the inmate grievance system.

| **Administration Use Only** |
|---|
| ☐ Does not fit criteria for an emergency/sensitive grievance    ☐ Form is incomplete    ☐ Resubmit on proper form |
| ☐ Lacks details    ☐ Must be completed in English |

**Statement**: Detail the act or condition which caused this grievance. (Be specific; list all dates, times, locations and witnesses.)

There is mold growing in the downstairs and upstairs
showers and in both showers there are dozens of
little flies that shower with us. They feast in the corners.
There is no way this is sanitary can someone please do
something about this.?

---

**FOR AMINISTRATIVE USE ONLY**

**Grievance Response:**

These claims are being looked into and
will be handled appropriately.

C-10

**Grievance Answered By:** LT Shay          **Date** 7-22-14

**Grievance #** 645-14          **Date Posted** 7/23/14          32

Original: Treatment File     Canary: Return to inmate with response          FORM# REC120 (REV 2/10)

**BERKS COUNTY PRISON**

TO: PUBLIC DEFENDER'S OFFICE        RE: REQUEST FOR INFORMATION/ASSISTANCE

INMATE: Ramsey Randall   HOUSING UNIT: K-102   TODAY'S DATE: 7/22/14

1. **SUPPLY ALL OF THE FOLLOWING INFORMATION THAT IS KNOWN TO YOU:**

   Date of Admission to BCP 6/4/14 Date of Arrest 6/3/14 Bail $ 150,000 straight

   Charge & Docket Numbers CR-78-14

   District Justice or Judge PARISI   Attorney's Name Roberta T. Aston
   Were you on probation/parole at time of arrest? [✓] Yes   [ ] No

   ***************************************************************************

2. **REQUEST INFORMATION OR ASSISTANCE ON THE FOLLOWING:**

   [ ] Current status of criminal case.
   [✓] Date of next Court appearance.
   [ ] Request for plea bargain.
   [ ] Request name of attorney assigned to my case.
   [ ] Request information regarding bail.
   [✓] Request interview with my attorney to discuss:
       [ ] Plea bargain.        [ ] Appeals.
       [✓] Court appearance.    [✓] Other Matter.

   ***************************************************************************

3. **SUPPLY SPECIFIC DETAILS RELATED TO THE ABOVE REQUEST:**

   I Request an Immedeate Bench Trial

   Ramsey Randall

   RESPONSE:                                          DATE:

   C-1V

   NAME: _____   AGENCY/DEPARTMENT: _____

   CC: _____

   (33)

   209-REC-115
   3/98

Inmate Name __RAMSEY RANDALL__          BCP# __03-6424__   Cell __K-102__

Date __7/21/14__

Instructions: Refer to the inmate handbook for information on the inmate grievance system.

**Administration Use Only**

☐ Does not fit criteria for an emergency/sensitive grievance    ☐ Form is incomplete    ☐ Resubmit on proper form

☐ Lacks details                    ☐ Must be completed in English

**Statement**: Detail the act or condition which caused this grievance. (Be specific; list all dates, times, locations and witnesses.)

Although the prison administration claims that this eating in the cell by & our toilet ordeal is not illegal, I feel that it is highly inhumane and cruel. I feel that you guys are treating me like a zoo animal or some lost humane society pet. Eating by my toilet on either end of my room & has got to be a constitutional violation of the sort. Bacteria is microscopic there isn't enough cleaning to be done well that can be done for all the preventative measures. This is just wrong. I'll sit on the floor outside my cell if you grant me permission. P/Z.

**FOR ADMINISTRATIVE USE ONLY**

Grievance Response: A federal judge made a ruling in our region in 2012 that being required to eat in a cell with the toilet did not violate an inmates constitutional rights. I would suggest to you that eating on your bunk or at the desk is much better than on the floor as you request to do.

C-1 H 2

Grievance Answered By: __[signature]__          Date __7-23-14__

App

Grievance # __577-14__          Date Posted __7/23/14__

(34)

Original: Treatment File    Canary: Return to inmate with response          FORM# REC120 (REV 2/10)

**TO:**  PUBLIC DEFENDER'S OFFICE          **RE:** REQUEST FOR INFORMATION/ASSISTANCE

**INMATE:** RAMSEY/RANDALL     **HOUSING UNIT:** K-102      **TODAY'S DATE:** 7/30/14

1. **SUPPLY ALL OF THE FOLLOWING INFORMATION THAT IS KNOWN TO YOU:**

Date of Admission to BCP _6/4/14_ Date of Arrest _6/3/14_ Bail $15,000 15%

Charge & Docket Numbers _CR-2759-14_

District Justice or Judge _PARISI_ Attorney's Name _ASTON_

Were you on probation/parole at time of arrest? [✓] Yes  [ ] No

*********************************************************************

2. **REQUEST INFORMATION OR ASSISTANCE ON THE FOLLOWING:**

[ ] Current status of criminal case.
[ ] Date of next Court appearance.       *PRETRIAL*
[ ] Request for plea bargain.            *MOTION*
[ ] Request name of attorney assigned to my case.
[ ] Request information regarding bail.
[ ] Request interview with my attorney to discuss:   *ASAP*
    [ ] Plea bargain.       [ ] Appeals.
    [ ] Court appearance.   [✓] Other Matter.

*********************************************************************

3. **SUPPLY SPECIFIC DETAILS RELATED TO THE ABOVE REQUEST:**

AMEND AND REFILE MY HABEAS CORPUS OR F.ILE ONE
ON MY BEHALF. ALSO, SEND ME (1) COMPLETE AND
NUMBERED COPY OF MY DISCOVERY.

**RESPONSE:** _____  **DATE:** _____

C-I-W

**NAME:** _____  **AGENCY/DEPARTMENT:** _____

**cc:** _____

209-REC-115  (35)
3/98



# COUNTY OF BERKS, PENNSYLVANIA
## Clerk of Courts

Courthouse, 4th Floor
633 Court Street
Reading, PA 19601-3585

Phone: 610.478.6550

BethAnn G. Hartman, Chief Deputy
James M. Polyak, Solicitor
Daryl F. Moyer, Solicitor, Emeritus

**James P. Troutman, Clerk of Courts**

COMMONWEALTH OF PENNSYLVANIA
V
RAMSEY RANDALL

DOCKET # 2759-14

Date Mailed: August 5, 2014

Dear Sir or Madam:

Please be advised that your COMMUNICATION (LETTER TO JUDGE RE COUNSEL) and docketed in this office on August 1, 2014.

Judge Thomas G. Parisi who handled your case(s) or who has since been assigned to your case(s) has been notified that the above communication has been filed. Thank you.

Sincerely,

Deputy Clerk

CC: JUDGE
DA
FILE
DEFENDANT BCP#03-6424
ROARKE ASTON APD

C-2 X    X2

*Dedicated to public service with integrity, virtue & excellence*
**www.countyofberks.com**



To: The Honorable Judge Torist and all others involved in my court proceedings.

On July 21st, 2014 approx. 1445-1515, I RAMSEY RANDALL had a very disgruntling conversation with my attorney Roarke T. Aston Esq. from the Berks County Public Defender's office. In this video conference, Mr. Aston assuredly informed me that my Pretrial motions (Habeas Corpus) will be denied by the Judge because I have counsel. We are still in the midst of my Pretrial proceedings; so, how does he know that? Even better, why do I have a piece of paper (Exhibit A) that clearly states that I have the RIGHT to file any Pretrial motion requesting the type of relief that I seek in a timely fashion; yet when I follow the rules it still does not get acknowledged? It does not say, "If the defendant is represented by counsel, that the Pretrial motions submitted would be null and void; or simply put, denied by the judge."

Where in the Rules of Criminal Procedure is this even possible? How is this part of a fair trial? Or not a blatant violation of my due process rights of the Fourteenth Amendment (XIV) of the United States Constitution? And if it isn't; why not? Does this also not violate The Preamble and Scope of the Rules of Professional Conduct? How am I even supposed to trust my attorney if he knows the decision the judge is going to make before he even makes it? And since he "knows" the judge is going to deny my motion, why hasn't he amended it and refiled it on my behalf?

X2 (37)

COMMONWEALTH OF PENNSYLVANIA  :  OTN: **T 435820-0**

          vs

**Remsey Wesley Randall**    :  CP-06-CR- _____

Defendant            (if known)

_____ :  C.P. Original Arraignment Date: **July 2, 2014**

_____ :  Case Disposition Date/Time: **August 28, 2014 @ 9:00 AM**

Address            **Defendant must appear on Disposition Date**

_____ :  Trial Date/Time: _____

Phone Number         (If applicable)

## ENTRY OF APPEARANCE

Enter my appearance for the above-named Defendant.    **INTERPRETER NEEDED** ☐

**Paul G. Yessler**     _____   **72140**

Attorney for Defendant     Date     Attorney I.D. #

**633 Court Street, 12ᵗʰ Floor, Court House, Reading, PA 19601**  **610-478-6650**

Address of Attorney         Attorney Phone #

_____

Email Address of Attorney

## WAIVER OF ARRAIGNMENT

I hereby waive my appearance at arraignment and I stand mute with respect to my plea. I have been advised by my attorney of the charges against me and that my attorney will receive copies of the Criminal Information filed in this case.  I know I have the right:

1. to file a request in writing for a Bill of Particulars with the Clerk of Courts and a copy to be served on the District Attorney within seven (7) days following the above listed arraignment date (Pa. Rule of Criminal Procedure 572);
2. to file a motion with the Court in writing, requesting pretrial Discovery and Inspection and a copy to be served on the District Attorney within fourteen (14) days after the above listed arraignment date (Pa. Rule of Criminal Procedure 573);
3. to file Omnibus motion with the Court in writing requesting all other kinds of pretrial relief and a copy to be served on the District Attorney within thirty (30) days after the above listed arraignment date (Pa. Rule of Criminal Procedure 578 & 579).
   **THE TIME LIMITS SET FORTH TO EXERCISE THESE RIGHTS WILL BE STRICTLY ENFORCED!**
4. If I fail to appear without cause at any proceeding for which my presence is required, including trial, my absence may be deemed a waiver of the right to be present, and the proceeding may be conducted in my absence.

> I am hereby notified that, as a condition of bail, I am required to notify in writing the Clerk of Courts office, the District Attorney's office, and the County bail agency of any change of address and/or telephone number within forty-eight (48) hours after any change by mail or delivering in person said notice to each of the above (Pa. Rule of Criminal Procedure 117).

I must appear in Court on the above dates and times before Judge **Thomas G. Parisi** ,in courtroom as posted in Courthouse or Services Center lobby.  **IF I FAIL TO APPEAR ON MY CASE DISPOSITION DATE AND TIME, A BENCH WARRANT WILL BE ISSUED FOR MY ARREST.**

☐I understand that I am directed by my attorney to report to the Adult Probation/Parole Office for a Pre-Sentence Investigation (PSI) on the 7ᵗʰ floor of the Berks County Services Center. I must contact the Adult Probation/Parole Office at 610-478-3400 within three (3) business days after my original arraignment date to schedule said PSI.

_____  _____  _____

Signature of Defendant     Date    Signature of Attorney    Date

**ALL OF THE ABOVE INFORMATION MUST BE COMPLETED.  THIS FORM AND FIVE (5) COPIES MUST BE RECEIVED BY COURT ADMINISTRATION AT LEAST THREE (3) BUSINESS DAYS BEFORE THE SCHEDULED ARRAIGNMENT DATE. THIS FORM SHALL BE MAILED OR HAND-DELIVERED TO COURT ADMINISTRATION.  IF MAILED, PLEASE PROVIDE A SELF-ADDRESSED STAMPED ENVELOPE FOR ATTORNEY'S RETURNED COPY.**

Address: Court Administration
    4ᵗʰ Floor -- Services Center
    633 Court St., Reading, PA 19601
Phone No.: (610) 478-6208  x5715 or x5719

| FOR COURT ADMINISTRATION OFFICE ONLY |
| --- |
| WAIVER ACCEPTED _____ /REJECTED _____ |
| Date _____  Initials _____ |

Distribution: Clerk of Courts (Original), District Attorney, Adult Probation, Defense Attorney, Judge, Court Administration   rev.11.2.12  cm

If Mr. Aston knowing the outcome of my motion isn't some form of conspiracy or conflict of interest, I don't know what is. I wholeheartedly believe that at least part of my motion had <u>valid</u> grounds. Still, Mr. Aston did not offer to do anything with my motion. Amend or refile. I also feel that the fact that he did inform me of my motion being denied by Judge Parisi <u>is</u> a form of psychological coercion and attempt to stop me from filing anymore. For what it is worth, as far as I know, he hasn't filed any on my behalf besides Discovery. So in respect to this situation I will not be filing another motion. However, if the Clerk of Courts distributed my Letter Requesting for Discovery to the DA & my Public Defender, they should both see that I made the request <u>ON TIME</u>. And I am waiting for it. Pa. RPC. 1.3 (2014) point 3

• <u>I am requesting that we have a Pre-trial Conference.</u> I have made The District Courts (Eastern) aware of my proceeding and I will be sending both the PA BAR & Berks BAR copies of this letter as well as the District Courts. Also attached is the first letter I sent the PA & Berks BAR Assoc. If using my I Amendment gets me into more of a bind, so be it. I feel like it is 3 on 1 anyways. No disrespect Judge Parisi.

I declare under the penalty of perjury that all is true and correct.

:CC
Judge
  DA
File
PD
Petitioner

X4

Respectfully but
Perturbed, (39)
Ramsey
Randall
RAMSEY RANDALL 03-6424
Cell K-102

To Whom this may concern:                                    7/17/14

My name is Ramsey Randall, and I am currently in the midst
of a criminal proceeding in the Court of Common Pleas of
Berks County. I am currently represented by the Public
Defender's office of Berks county. I am an indigent,
and I am not able to afford a private attorney.

This letter is a formal complaint on the Public Defender
Office of Berks County. The attorneys that they have
assigned to me have been lack luster in representing
me presenting <u>NO</u> defense at all for my Preliminary hearing
I have been given <u>3</u> different attorneys by the Public
Defender's office; not by choice might I add. The name
of the attorneys are as follows: <u>Amy Shaffer</u>, <u>Aslon Rourk</u>, and
<u>Paul Yessler</u>. Mr. Paul Yessler in specific has a very nasty attitude,
aggressive tone against me, and a predisposed notion of me pleading
guilty. It makes me afraid of the future of my litigations.

This is not the first time that I have been represented by
the Public Defender's Office and they have not done anything
to work as an attorney should. I have yet to confer with which
ever attorney from there is supposed to represent me. I refuse
to let them violate my <u>Constitutional rights</u> (<u>6th</u> & <u>14th Amend.</u>) any more
Attached are a few of the documents that I recently filed in my
motion for ineffective counsel. Respond if you feel it's needed.

• BAR Assoc. Supervisor                    X5         Signed  (40)
 BAR Assoc. Secretary                                 Ramsey Randall 03-6424
                                                      Berks County Prison N-eil-K-10

76) On August 3, 2014 Plaintiff Randall filed grievance about being charged a $50⁰⁰ processing fee although he's still a State inmate. (see Exhibit C-1 Y) also grievance #697-14.

78) On August 4, 2014 Defendant Deputy Warden Smith filed a response (see Exhibit C-1 Y) also grievance #697-14.

79) On August 5, 2014 Plaintiff Randall filed a grievance in regards to him (class) getting strip searched as a return detainee after being hand cuffed and shackled throughout the entire hearing process. (See Exhibit C-1 Z) also grievance # 701-14.

80) On August 7, 2014 Plaintiff Randall received a letter via mail from his mother explaining how she did not receive the mold sample that was in the envelope. (see Exhibit C-2 AA pg 1-3 plus envelope).

81) On August 7, 2014 Plaintiff Randall submitted a grievance in reference to the letter his mother sent him in an attempt to speak to the WARDEN AND Assistant/Chief Deputy Warden — Defendant Quigley and Defendant Smith listed within this Complaint (see Exhibit C-1 AB) also grievance # 714-14.

82) On August 11, 2014 Plaintiff Randall had a video conference with Defendant Roorke T. Aston and explain to him his personal discrepancies with his personal situation and using the Public Defender form to communicate.

83) On August 11, 2014 Roorke T. Aston admitted during the video conference that he was aware that the form was against the Rules and Constitution.

84) On August 11, 2014 Defendant Roorke T. Aston ask Plaintiff Randall if he wanted to have a bench trial and admitted that he had no defense for Plaintiff Randall's case.

⑪

CPG. 9.

**BERKS COUNTY JAIL SYSTEM**
**INMATE GRIEVANCE FORM**

Inmate Name  RANSER/RANDALL                     BCP# 036474     Cell K-102

                                                                Date 8/3/14

Instructions: Refer to the inmate handbook for information on the inmate grievance system.

---

**Administration Use Only**

☐ **Does not fit criteria for an emergency/sensitive grievance**    ☐ **Form is incomplete**    ☐ **Resubmit on proper form**

☐ **Lacks details**    ☐ **Must be completed in English**

---

**Statement**: Detail the act or condition which caused this grievance. (Be specific; list all dates, times, locations and witnesses.)

Can you please explain why the "50⁰⁰ processing fee is biased to 'STATE' inmates? I am a state inmate with a state # JT4266xyet, my processing fee still has to be paid. Why is that? I do not understand.

---

**FOR AMINISTRATIVE USE ONLY**

Grievance Response:

You were committed, on 6/4/14 under the jurisdiction of the State Parole Board, and you have new charges pending. The only exception to this is if you were enrolled in Act 122 as a Technical Parole Violater which you are not. Therefore, you are subject to the $50.00 processing fee.

C-14

Grievance Answered By: ADW ____ -SMITH          Date 8.4.14

Grievance # 697-14          Date Posted 8/4/14          (42)

## BERKS COUNTY JAIL SYSTEM
## INMATE GRIEVANCE FORM

Inmate Name **RAMSEY RANDALL**  BCP# **03-6424**  Cell **K-102**

Date **8/5/14**

Instructions: Refer to the inmate handbook for information on the inmate grievance system.

**Administration Use Only**

☐ Does not fit criteria for an emergency/sensitive grievance  ☐ Form is incomplete  ☐ Resubmit on proper form

☐ Lacks details  ☐ Must be completed in English

**Statement**: Detail the act or condition which caused this grievance. (Be specific; list all dates, times, locations and witnesses.)

After going to court and being handcuffed and monitored by
Berks County Police prior to my hearing all day. I do not understand
why I have to be subject to a strip search? It doesn't make
sense to me because I see no way of me bringing in contraband
when I am cuffed throughout the entire time and constantly
monitored by police. Please explain.

**FOR AMINISTRATIVE USE ONLY**

**Grievance Response:**

As we discussed on 8-6-14, these are measures we
take to ensure our safety and security.

C-1 E

Grievance Answered By: **LT Sharp**  Date **8-6-14**

Grievance # **701-14**  Date Posted **8/6/14**  (43)

Original: Treatment File    Canary: Return to inmate with response    FORM# REC120 (REV 2/10)

C-7AA

HARRISBURG PA 171

05 AUG 2014 PM 3 L

Ramsey Randall-BCP #03-0424
Housing K-102
Berks County Jail System
1287 County Welfare Road
Leesport, PA 19533-9397

19533397gg

Delons Randall
650 Tulpehocken St
Reading, PA 19601

44

August 5, 2014

Hello Son,

I received all of your letter's and I got the letter about the court thing, unfortunately there was no sample in there. Someone may have removed it, but it never made it way to me. I have been pretty busy and have not really seen anyone, so I am guessing everyone is fine. I see Aunt Rosie's and Uncle Dan at church but have not seen the others. Talked to Devona she was having some car problems, but other than that she is fine.  Chrissy, me and the kids went to Knoebles finally after all these years in Reading. It was nice. I tried to talk to Chrissy about what you said, but she is defensive over that guy, so I just decided to back off. But, I have my eyes and ears open.  But, pretty much comes down to she has to live her own life just like you do.

That is what I have been trying to explain to you. I am not cutting you off or loving you any less, I have just come to a place where you guys have to live your own lives. If you want my opinion I will give it, but if not I will just keep my opinion to myself.

I do not like going back and forth either, that is another reason why I stopped writing, because I am not doing that anymore, because you have already made up in your mind. But, I will say this as long as you keep rehearsing old things from the past in your mind you just keep giving life to it. When you decided to take charge and stop letting the anger and all control you it will be better. All the stuff you keep playing over cannot be fixed or changed. It does not make it better. That does not mean it did not happen, it means just that it can't be changed. It's that simple.

Also, wanted to let you know some things you try to keep secret are really not a secret. I already knew you were seeing Emily and I could care less, because I had already stated what I knew and whether you and her stayed together or not it was none of my affair. All that mattered to me was that you were okay. I do not have to like it or her because it's your life. Be with whomever you would like. Next I had already known she was pregnant and for some reason I do not expect it was the first time, but the only time you knew. Mind you I have no proof of that it is just a feeling I had.

I hope when you go to court you really do beat your case and I will help you the best I know how, but since my house hold so many bad memories for you and you cannot have people in and out my house I think the best thing is that you get a room that way you can do all you like to do and have over whomever you want. I have tried to help and since the room I have is so small I do not want you to feel cramped.

For the record I am not being stubborn but, I am very cautious. And because you trust certain people does not mean I must. I do not like unknown, random people in my house. It has nothing to do with Chrissy or Devona or you.  I was the same way when I was married and your father

and he had band members come over. I was this way long before any of the stuff happened when you all were young. I goes back to my childhood I guess because my mother worked 3pm-11pm and we could not have anyone in the house while she was gone. That is why Devona & Chrissy did all the sneaking people in and out, so I would not know. This is me and all me and it will not change. You may know them, but that gives me no comfort. I am not comfortable with certain people in my house. So, if my rules upset you there is nothing I can do about it. And truth be told I know you like music, promote music and all that other stuff, but I am not even comfortable with all that loud music in my house. Too much, swearing, and such. I do not like it.

So, I am not trying to see you on the street or nothing like that, but something just will not change. So, you have to decide if you want to deal with or live somewhere else.

I am supposed to start Seminary in two weeks and I just do not want all this stuff going on and I am so sorry for all your anger, but I am not your problem. You are your problem, because you kept it all inside. You have told me what you wanted me to know so far. You are the one who decides when and if you will talk to me. I cannot change the past, beside telling you I am not the same person. The past will not change, sorry for that, but you have to decide if you still want to rehearse it. You keep saying you are angry about so much. Okay, but are you going to stay angry all your life? Because, if you keep replaying the stuff you will continue to be mad and angry you will never be happy. There are things from my pass I am angry about as well, but I do not rehearse them. And if I think about them long enough I could really get angry. But, I do not talk about them, because I refuse to give them life or control over me. Only thing I am guilty of is "Not knowing".

As for arguing and going back and forth when you know someone does that to you. They know how to take you there and what buttons to push and do so on a constant basis. That is a person you need to stay far away from. Example your father exactly why we are not together today. That is a form of abuse and people do not recognize it. Those days are over for me. I have no patients nor do I have any time to argue, because I found out know ones wins, sometime it's better to agree to disagree or find a common ground. Pick your battles so to speak.

But, I feel with you is that you want someone to take responsibility for everything that happened to you and I just do not know how to get you to understand that the best you may get is an apology. And you have to accept that that is all there is and move forward.

So, I wanted you to know I am doing fine and the girls Chrissy & Devona are fine. Capri is good and everybody is just preparing to go back to school, except for Chris of course. He is walking and yelling at everybody, but he is cool.

I hope you are getting whatever help you can. Sunday School has moved to Saturday morning and since I may have a Seminary class on Saturday morning not making no promises to come up there. I know and understand all you say about this law suit thing, but I am sure you counted the cost before you pressed forward with it, because I know nothing about it nor understand it all, (46)

but I am sure you are well versed with all the in's and out's. As always my prayers are with you and I AM PRAYING…MORE THAN YOU KNOW!!!


Mom…love xoxoxoxoxo


47

AA3

**BERKS COUNTY JAIL SYSTEM**
**INMATE GRIEVANCE FORM**

Inmate Name RAMSEY RANDALL          BCP# 03-6424     Cell BL-116

Date 8/7/14

Instructions: Refer to the inmate handbook for information on the inmate grievance system.

**Administration Use Only**

☐ Does not fit criteria for an emergency/sensitive grievance      ☐ Form is incomplete      ☐ Resubmit on proper form

☐ Lacks details          ☐ Must be completed in English

**Statement**: Detail the act or condition which caused this grievance. (Be specific; list all dates, times, locations and witnesses.)

I am requesting A Meeting with Ms WARDEN Quigley
Super visod if need be. I've been informed by my
mother that my mail has been tampered with. I only
want to speak with Ms WARDEN Quigley no one else
will do in this matter. Please respect my wish and request.
It is personal and business. Matter of fact I would
appreciate it if both Warden Quigley and ADW Smith meet with
me together.

**FOR AMINISTRATIVE USE ONLY**

Grievance Response: 8/11/14. 1st step in the grievance process is handled
by the Lieutenant. Officer

I met with you and explained that there is no reason
why your mail would be opened before it it sent. The one exception is
if a obvious piece of contraband can be felt in your letter - such as
a sheet or plate I.D. However, in that case, you would be called down
to open the letter in front of a staff member.

C-1 AB

Grievance Answered By: LT Jnp          Date  8-12-14

Grievance # 714-14          Date Posted 8/12/14          48

Original: Treatment File     Canary: Return to inmate with response          FORM# REC120  (REV 2/10)

85) On August 12, 2014 Plaintiff Randall was called to Defendant Lt. Sharp's office to discuss his two grievance (Exhibit C-1 AB) also grievance # 714-14 and also (see Exhibit C-1 AC)

86) On August 13, 2014 the indigent inmate phone policy was changed by Acting Deputy WARDEN Barbara Kane. (See Exhibit C-1 AD)

87) Plaintiff Randall found reason to believe that the Acting Deputy Warden believed and/or realized a fault in the policy of BCJS thus changing the system.

88) On August 13, 2014 Plaintiff Randall verified the phone policy change by attempting to use the phone to call his Public Defender Defendant Roarke T. Aston

89) On August 13, 2014 Plaintiff Randall received a response by Defendant Lt. Castro in regards to Privacy Rights and considered it a non-grievable Issue. (See Exhibit C-1 AC)

90) On August 13, 2014 inmate/witness Tyler Eberly (2007-5923) gave Plaintiff Randall copies of his submitted grievances in regards to Issues the two inmates spoke about. (See Exhibit C-1 AE and C-1 AF)

91) On August 13, 2014 Plaintiff RANDALL submitted a 4 page grievance to Defendant Deputy WARDEN Smith about the meeting between himself and Defendant Lt. Sharp. (See Exhibit C-1 AG pg 1-5) (see Exhibit C-1 AG pg 1-5)

92) On August 15, 2014 Plaintiff Randall's mother come to visit and confirmed that there was no mold sample in the letter he sent weeks earlier.

CPG. 20.

(49)

# BERKS COUNTY JAIL SYSTEM
## INMATE GRIEVANCE FORM

LH 6

Inmate Name __RAMSEY RANDALL__          BCP# __03-6424__   Cell __03-6424__

Date __8/8/14__

Instructions: Refer to the inmate handbook for information on the inmate grievance system.

---

**Administration Use Only**

☐ Does not fit criteria for an emergency/sensitive grievance      ☐ Form is incomplete      ☐ Resubmit on proper form

☐ Lacks details      ☐ Must be completed in English

---

**Statement**: Detail the act or condition which caused this grievance. (Be specific; list all dates, times, locations and witnesses.)

(With this being a 'Privately' run prison can someone please explain to me why ☒ I have not been given ANY type of confidentiality form to sign that guarantees that my personal information, medical information, account information, and an informational clause between treatment staff and inmates that assures me that NONE of my information is being broadcast publicly. Also, I have not signed any type of Confidentiality Clause with the BCJS treatment staff relinquishing my Attorney-Client Privilege rights to allow treatment staff to handle my attorney-client communications (Public Defender Form). I do have a right to privacy especially with my personal information, medical and legal. So where is my copy of A confidentiality agreement.

---

**FOR ADMINISTRATIVE USE ONLY**

Grievance Response: This is not a privately run facility. As a local government agency, we afford you your rights under HIPPA and your right to confidential communication between you and your attorney and you and the court. If you wish to ask individual departments within the jail about confidentiality clauses, use an inmate communication form properly addressed to the correct department. You have no constitutional right to a confidentiality form and there is no policy at this facility indicating that you must receive a confidentiality form, and you've made no detailed allegation of any violation of confidentiality. Therefore, your complaint fails to meet even the most basic requirements for consideration as a grievable issue.

Grievance Answered By: __Lt. Castro__          Date __8/13/14__

Grievance # _____   Date Posted _____

C-1AC1

50

Original: Treatment File          Canary: Return to inmate with response          FORM# REC120 (REV 2/10)

**Berks County Jail System**

# Memo

**To:**   All Inmates

**From:**   Barbara Kane, Acting Deputy Warden

**ECC:**   Senior Staff, Lieutenants, Sergeants, Lobby Officer, Inmate Accounts, Treatment, ITI and Administration File

**Date:**   8/13/14

**Re:**   Special Services Menu (Option 5)

---

Effective immediately, indigent inmates who have not paid their processing fee in full will have access to the Special Services Menu (Option 5).

All other options will remain inaccessible until the processing fee is paid.

BJK

# Post On Units



51

EMERGENCY

# BERKS COUNTY JAIL SYSTEM
## INMATE GRIEVANCE FORM

**Inmate Name** Tyler Eberly          BCP# 2007-5923     Cell C-115

Date 8/10/14

Instructions: Refer to the inmate handbook for information on the inmate grievance system.

**Administration Use Only**

☐ Does not fit criteria for an emergency/sensitive grievance     ☐ Form is incomplete     ☐ Resubmit on proper form

☐ Lacks details          ☐ Must be completed in English

**Statement**: Detail the act or condition which caused this grievance. (Be specific; list all dates, times, locations and witnesses.)

On 7/14/14 I was arrested by my P.O.
for a violation. I was released on 7/17/14
by accident and recommited on 7/21/14. The
$50.00 processing fee was taken from me both
times even though it was not my fault
for the accidental release. I would
like to be reimbursed immediately.

---

**FOR AMINISTRATIVE USE ONLY**

Grievance Response: I met with you and explained you were not
released in Error. County parole neglected to provide
a warrant prior to the 72 hr hold expiration.
The jail is not at fault.

C-1 AE

Grievance Answered By: LT Sharp          Date 8-12-14

Grievance # 719-14          Date Posted 8/12/14

(52)

Original: Treatment File     Canary: Return to inmate with response          FORM# REC120  (REV 2/10)

**INMATE GRIEVANCE FORM**

2007-5973

Inmate Name _Tyler Eberly_     BCP# ~~DHS~~     Cell _L-115_

Date _8/10/14_

Instructions: Refer to the inmate handbook for information on the inmate grievance system.

**Administration Use Only**

☐ Does not fit criteria for an emergency/sensitive grievance     ☐ Form is incomplete     ☐ Resubmit on proper form

☐ Lacks details     ☐ Must be completed in English

**Statement**: Detail the act or condition which caused this grievance. (Be specific; list all dates, times, locations and witnesses.)

On two (2) seperate occasion my mother has informed me that the guard on shift released my personal information without confirming who was on the phone. (1) she called and the guard that answered the phone release not only my criminal record but the reason that I was currently locked up and how much money that I owed the courts for that charge. (2) She came to visit me and the guard on shift told her everyone that was on my visitors list. I feel that my rights to PRIVACY have been violated, respond ACCORDINGLY

**FOR AMINISTRATIVE USE ONLY**

Grievance Response:

I met with you on 8-12-14 and advised I will address the ladys officer about giving out the names on your visitor list. The other records are public information. You were satisfied with the result.

Grievance Answered By: _LT Sharp_     Date _8-12-14_

Grievance # _718-14_     Date Posted _8/12/14_     63

Attn: Deputy Warden Smith

# BERKS COUNTY JAIL SYSTEM
## INMATE COMMUNICATION FORM

Inmate Name: RAMSEY/RANDALL      BCJ #: 03-6424      Unit/Cell #: L-116      Date: 8/13/14

TO: (Select only **one** of the following, *selecting more than ONE box will result in your communication being filed, unanswered.*)

- [ ] Warden
- [x] Deputy Warden
- [ ] Treatment
- [ ] Inmate Telephones
- [ ] Inmate Accounts
- [ ] Custody
- [ ] Medical
- [ ] Education
- [ ] SOG Commander
- [ ] _____
- [ ] Kitchen
- [ ] Chapel
- [ ] Commissary
- [ ] Booking/Mail/Property

Write legibly, supply all relevant details. Forms which are unclear or contain demeaning language, threats or profanity will not be addressed. **ONLY ONE TOPIC PER COMMUNICATION.**

Please address this communication and grievance

Note: Writing in "response" section will result in form being unanswered and filed.

Inmate Signature: Ramsey Randall

RESPONSE: SEE PAGE 1 of 4 IN GRIEVANCES for RESPONSE AG

Date: 8/19/14   Staff Member (Print): DW SMITH   and (Sign): ___

CC: _____

BCJS 501U, 3-2014      Original – Treatment File      Canary – Return to inmate with response

(54)

Emergency "Sensitive" ①

# BERKS COUNTY JAIL SYSTEM
## INMATE GRIEVANCE FORM

Inmate Name KANEE/KANDALL                    BCP# 036424      Cell L-116

Date 8/13/14

Instructions: Refer to the inmate handbook for information on the inmate grievance system.

### Administration Use Only

☐ Does not fit criteria for an emergency/sensitive grievance      ☐ Form is incomplete      ☐ Resubmit on proper form

☐ Lacks details      ☐ Must be completed in English

**Statement**: Detail the act or condition which caused this grievance. (Be specific; list all dates, times, locations and witnesses.)

On 8/12/14 at approx 0730 Lt. Sharp called me to her office to discuss (3) of the grievances that I put in. Understanding that she is in charge of the 2nd step of the grievance procedure, I had to see her. In our meeting Lt. Sharp exhibited an aggressive attitude with me in regards to a grievance that she feels is 'repetitive'. Although the grievance sits on similar grounds, it is not exactly the same. In her aggressive tone, she dismissed me from her office stating that she's not going to call me to her office every week to address the same "issue." With all due respect, I do not feel that I have received a sufficient answer to my concern or inquiry; and apparently she is upset or has some type of negative discrepant emotion because of her personal belief. I am using the grievance system to address

---

### FOR ADMINISTRATIVE USE ONLY

**Grievance Response:**

I met with you on 8/15/14 at approx 1430 to discuss your grievance. You informed me that you received a response from Lt. Castro on a prior grievance and you were satisfied. I informed you that your issue with the discussion between you and Lt. Sharp is irrelevant. She spoke to you

**Grievance Answered By:** (DW. Smil · J.H.TH)      **Date** 8/15/14

**Grievance #** _____      **Date Posted** _____

Original: Treatment File      Canary: Return to inmate with response

⑤⑤      FORM# REC120 (REV 2/10)

**BERKS COUNTY JAIL SYSTEM**
**INMATE GRIEVANCE FORM**

**Inmate Name** RAMSEY RANDALL    BCP# 03-64124    Cell 2-116

Date 8/13/14

Instructions: Refer to the inmate handbook for information on the inmate grievance system.

<u>**Administration Use Only**</u>

☐ Does not fit criteria for an emergency/sensitive grievance    ☐ Form is incomplete    ☐ Resubmit on proper form

☐ Lacks details    ☐ Must be completed in English

**Statement**: Detail the act or condition which caused this grievance. (Be specific; list all dates, times, locations and witnesses.)

a right and/or rights that I am entitled to that I believe are being violated. I believe that the attitude that Lt. Sharp displayed was not only out of character, but has also placed me under the impression that I will not receive any understanding on this issue. Her attitude has also made me afraid for my personal well-being and a target for her to retaliate against me in some way. SOG searches or otherwise. Please do not label this as me nothing this personal or me being malicious. I do not even believe she had to call me to her office to address the issue. None-the-less, I did not appreciate being yelled at or the way she spoke to me. Once again I do not want to become a target for her or any staff member. But I will use the grievance procedure the way section 9.3.1 in the handbook.

**FOR AMINISTRATIVE USE ONLY**

**Grievance Response:**

As an adult to get her point across. Your continuous use of grieving the same issue could have been interpreted as harrassment. You could've been cited. She did not. She did not curse at you. This does not meet the requirements of A grievance. Yet alone, A sensitive/emergency.

**Grievance Answered By:** SW Smith — SMITH    **Date** 8/13/14

Grievance #    Date Posted

56

Original: Treatment File    Canary: Return to inmate with response    FORM# REC120 (REV 2/10)

AG3

*Emergency* "Sensitive" ③

**BERKS COUNTY JAIL SYSTEM**
**INMATE GRIEVANCE FORM**

Inmate Name RAMSEY RANDALL    BCP# 036424    Cell L-116

Date 8/12/14

Instructions: Refer to the inmate handbook for information on the inmate grievance system.

**Administration Use Only**

☐ Does not fit criteria for an emergency/sensitive grievance   ☐ Form is incomplete   ☐ Resubmit on proper form

☐ Lacks details   ☐ Must be completed in English

**Statement**: Detail the act or condition which caused this grievance. (Be specific; list all dates, times, locations and witnesses.)

states that I should. My right of being addressed respectfully by Lt. Shopp (1.4.1) was not followed in my personal opinion. I did not get loud with her nor did I give any type of attitude in response to be spoken to in the manner that she did. I am not a child.

Please if this does not require me to come to the office please leave me alone. I am afraid enough now because of her personal belief of my attempts to address an issue that I have. 'Repetitiveness' can easily be looked at as harassment and can subsequently land me in solitary confinement. I do not believe that I should have to fear this; but I do however, believe that personal emotion towards an inmate grievance is highly unprofessional in my case. And in the scenario of protecting the

**FOR AMINISTRATIVE USE ONLY**

Grievance Response:

Grievance Answered By: _____ Date_____

Grievance #_____    Date Posted_____   ⑤⑦    AG4

Original: Treatment File    Canary: Return to inmate with response    FORM# REC120 (REV 2/10)

**BERKS COUNTY JAIL SYSTEM**
**INMATE GRIEVANCE FORM**

Inmate Name __Ramsey Randall__  BCP# __036424__  Cell __L-116__

Date __8/12/14__

Instructions: Refer to the inmate handbook for information on the inmate grievance system.

---

**Administration Use Only**

☐ Does not fit criteria for an emergency/sensitive grievance    ☐ Form is incomplete    ☐ Resubmit on proper form

☐ Lacks details    ☐ Must be completed in English

---

**Statement:** Detail the act or condition which caused this grievance. (Be specific; list all dates, times, locations and witnesses.)

rights of any inmate; (specifically prisoner's RIGHTS) there should be an awareness of what actually has grounds or not. Not by an officers personal opinion but something solid that proves it such as laws or statutes or even pointing out to a section in the handbook. I received none of those, just a reprimanding scold.

Please address this matter at your earliest convenience. Thank You. Constitutional Amendments #

XIV Right to Privacy of Personal Matters    Ramsey

I have not received a response (yellow carbon form), so    Randall

I don't have an appeal/grievance #.

---

**FOR AMINISTRATIVE USE ONLY**

**Grievance Response:**

---

**Grievance Answered By:** _____    **Date** _____

Grievance # _____    Date Posted _____    ⑤⑧    AG5

Original: Treatment File    Canary: Return to inmate with response    FORM# REC120  (REV 2/10)

93) ON August 15, 2014 Plaintiff Randall had a meeting with the Defendant Deputy WARDEN Smith in regards to his filed grievance (~~see Ct 1AG~~) (see C-1AG)

94) On August 18, 2014 Plaintiff Randall filed a grievance in regards to him being forced to have only one time to take his medication and how it puts him at risk for mishap and also how there is no psycho-therapy one-on-ones to assist him with his mental disability. (see C-1AH) also grievance # 769-14 pg 1-3

95) Plaintiff Randall relates fact #94 to the class of inmates also.

96) Plaintiff Randall was strip searched by a BCJS officer upon returning from a court hearing at the Berks County Courthouse at 633 Court St. in Reading, PA 19601, On August 28, 2014.

97) ~~On~~ On August 28, 2014, Plaintiff Randall received a response from his filed grievance to the medical department which states that his medication time cannot be changed and that he should consider changing medications.

98) On August 25, 2014 Plaintiff Randall received verbal confirmation that Defendant Jessica Collins is the supervisor of all BCJS Treatment staff

99) On ~~Aug~~ or about August 25, 2014 Plaintiff Randall received verbal confirmation that PrimeCare contracted Defendant Sandy Hawkins is in charge of the mental health department.

CPG. 11.